■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENRICK AUSTIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered January 20, 1983, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant claims, *inter alia,* that he was denied a fair trial because the court precluded him from introducing evidence that Anthony Belgrave was the perpetrator of the crime. While the defendant does have a right to introduce such testimony (*Chambers v Mississippi*, 410 US 284), the evidence must do more than raise a mere suspicion that another person committed the crime. There must be a clear link between the third party and the crime (*People v Aulet*, 111 AD2d 822;

*State v Harman,* — W Va —, 270 SE2d 146; *Brown v United States,* 409 A2d 1093 [DC]; *State v Williams,* 575 SW2d 838 [Mo]; *Fortson v State,* 269 Ind 161, 379 NE2d 147; *Commonwealth v Graziano,* 368 Mass 325, 331 NE2d 808; *Hale v United States,* 25 F2d 430; *Greenfield v People,* 85 NY 75).

In the instant case, defendant failed to establish such a link. The only connection between Belgrave and the crime was that Belgrave matched the description given by the complainant, and defense counsel stated that he had information that Belgrave was responsible. Nonetheless, the court allowed counsel to show the identifying witness a photograph of Belgrave. When she stated that he did not look familiar, the court properly precluded further inquiry. Trial counsel did not produce evidentiary material tending to connect Belgrave with the crime. Bold assertions that Belgrave was the perpetrator and the mere fact that he matched the description are insufficient to allow extended inquiry into irrelevant, speculative and potentially confusing areas. Consequently, the court's limitation of defense counsel regarding Belgrave was appropriate.

Defendant's remaining contentions have been considered and found to be without merit. Thompson, J. P, Brown, Weinstein and Kunzeman, JJ., concur.