■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL RODRIQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Berkowitz, J.), rendered August 25, 1982, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that judgment is modified, on the law, by vacating the sentence imposed. As so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing as a second felony offender pursuant to Penal Law § 70.06.

Acting on information received from fellow officers that a male black, in his mid-twenties, weighing about 160 pounds, with black hair, had raped a woman at gunpoint in a silver

and black Ford with the license plate number 5143 AAX, the arresting officers apprehended the defendant, who fit the description, as he exited the car in question. We find no error in the hearing court's finding that the police officers possessed sufficient information amounting to probable cause to arrest the defendant and that the gun which was recovered from his person was therefore admissible in evidence against him *(see,* CPL 140.10 [1] [b]; *People v Sanders,* 79 AD2d 688; *People v Crespo,* 70 AD2d 661).

Further, it was proper for the court to reopen the suppression hearing during jury selection since the defendant clearly consented to this procedure. In addition, the defendant's guilt was proven beyond a reasonable doubt.

The sentencing minutes indicate that the defendant was improperly sentenced to 3½ to 6 years' imprisonment. As a second felony offender, the minimum sentence imposed on the defendant must be one half of the maximum *(see,* Penal Law § 70.06 [4] [b]). Since we are unable to determine whether the error is in the actual sentence or merely in the transcription, we must remit the matter for resentencing. Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.