◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered June 1, 1983, convicting him of murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of identification testimony.

Ordered that the judgment is affirmed.

On December 20, 1981, Clyde Williams and his friend Victor Marion went to 1050 Layfayette Avenue in Brooklyn to buy some marihuana. As they were leaving the building, the defendant, who had been standing in the vestibule, grabbed Marion's collar, pulled at his gold chain, and held a gun to his face. Williams, unaware of the confrontation, continued on, and the defendant turned and shot Williams in the head. Williams died on January 1, 1982, as a result of the gunshot wound.

The defendant was arrested on March 1, 1982, and, after being given his *Miranda* warnings, told the police that, although he was standing outside the building when the incident occurred, the shooting was actually done by someone named Tyrone Johnson. He gave a similar statement on videotape to an Assistant District Attorney, and that tape was admitted into evidence.

The defendant first contends that the court committed several errors in its charge on reasonable doubt. The defendant, however, did not make any request as to the charge on reasonable doubt or as to the burden of proof, nor did he object in any manner to the charge as given. Thus, the defendant has failed to preserve any error of law in this regard for this court's review *(see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022). In any event, the charge, when viewed as a whole, correctly instructed the jury on the concepts of reasonable doubt and the burden of proof *(see, People v Quinones,* 123 AD2d 793, *lv denied* 69 NY2d 749; *People v Bebee,* 105 AD2d 751).

The defendant next argues (both in the brief submitted by assigned counsel and in his *pro se* supplemental brief) that the court erred in refusing to allow him to introduce into evidence a court file containing a physical description and photograph of a person named Tyrone Johnson, which he maintains would have tended to corroborate the exculpatory portions of his statements to the police and the Assistant District Attorney. While the defendant has the right to introduce evidence that a person other than himself was the perpetrator of the crime charged, such evidence must do more than raise a mere suspicion that another person committed the crime; there must be a clear link between the third party and the crime in question *(see, People v Austin,* 112 AD2d 242; *People v Aulet,* 111 AD2d 822, *lv denied* 66 NY2d 761). In this case, there was no such link in that the production of the file of someone bearing that name is not sufficient by itself to link that person to the crime. The file and photograph, without an identifying witness, was of limited probative value. No testimony was elicited to establish that the Tyrone Johnson referred to by the defendant in his statements was the same person whose file was offered in evidence. Thus, this evidence was properly excluded.

We also find no merit to the defendant's further contention that Marion's viewing of a photograph of the defendant on three separate occasions (as part of photographic arrays in which the defendant's photograph was the only repeater) was impermissibly suggestive and tainted his in-court identification of the defendant. The record reveals that Marion, on the day of the crime, viewed photographs contained in mug books at the local precinct and failed to make a selection. The defendant's photograph was not among those viewed that day. On January 3, 1982, Marion selected a photograph of the defendant from numerous photos kept on file at the Brooklyn "CATCH Unit". On January 24, 1982, Marion selected a different photograph of the defendant from an array of photographs of individuals of similar appearance; and on March 1, 1982, Marion selected still another photograph of the defendant from a completely different array. The separate showing of three different photographs of the defendant was not " 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification' " *(People v Cosme,* 125 AD2d 485, *lv denied* 69 NY2d 878, quoting from *Simmons v United States,* 390 US 377, 384; *see also, People v Jones,* 125 AD2d 333, *lv denied* 69 NY2d 829). In any event, Marion had an adequate independent basis for his in-court identification

*(see, People v Washington,* 111 AD2d 418, *lv denied* 66 NY2d 768).

We further find that the evidence was sufficient to establish the defendant's guilt of felony murder and the other crimes of which he stands convicted beyond a reasonable doubt, and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.