■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIS BLACK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered April 23, 1986, convicting her of criminal possession of marihuana in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erroneously restricted her testimony, on hearsay grounds, regarding a certain telephone conversation with her niece inasmuch as the contents of the conversation were admissible under an exception to the hearsay rule since they were reflective of her state of mind, i.e., essential to her defense of unknowing possession (see, Richardson, Evidence § 205 [Prince 10th ed]), and that the court thereby deprived her of her constitutional right to present a defense. This claim is deficient both procedurally and substantively. Having failed to make an argument as to the admissibility of the testimony after the People's objection,

the defendant thereby precluded a resolution of the evidentiary question and failed to preserve her claim for appellate review *(see, People v Zambrano,* 114 AD2d 872, *lv denied* 67 NY2d 659). In any event, the record reveals that the defendant was permitted to testify, on cross-examination, regarding this conversation.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.