■ The People of the State of New York, Respondent, v Vincent Zanfordino, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Owen, J.), rendered November 19, 1986, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of a fair trial because the court precluded him from introducing evidence that another individual was the perpetrator of

the purse-snatching robbery for which he was convicted. While due process requires that a defendant in a criminal case be permitted to call witnesses in his own behalf and to introduce evidence that a person other than he committed the crime charged *(see, Chambers v Mississippi,* 410 US 284), "such evidence must do more than raise a mere suspicion that another person committed the crime; there must be a clear link between the third party and the crime in question" *(see, People v Brown,* 133 AD2d 773, 774; *People v Austin,* 112 AD2d 242; *People v Aulet,* 111 AD2d 822).

We conclude that no such link was established in the instant case. The only connection between the other individual and the crime was that a witness in an unrelated purse-snatching case initially identified the defendant as the perpetrator, but subsequently advised police that she was mistaken and identified the other individual as the perpetrator. The other individual, however, did not match the description given by the victim in the instant case, which noted the defendant's unusually colored light eyes. Moreover, when shown a photograph of the other individual at a pretrial *Wade* hearing, the victim stated that she had never seen the photograph before, and gave no indication that she recognized the other individual. Further, while shortly after the defendant's arrest in late January 1986 the other individual admitted the commission of a number of purse snatchings in Mount Vernon in January and February 1986, trial counsel failed to demonstrate any connection between those crimes and the crime charged. Such evidence was insufficient to allow extended inquiry into "irrelevant, speculative, and potentially confusing areas" *(People v Austin,* 112 AD2d 242, 243, *supra; People v Aulet,* 111 AD2d 822, *supra).*

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review or are without merit. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.