■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FIEDORCZYK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered April 13, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to support the verdict. We disagree. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, it is well settled that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The record shows that, within an hour of being robbed at gunpoint by a seven-member gang, comprising four men and three women, the complainant, in the company of Police Officer Kocik, identified the defendant, and the codefendant, Cathy Rotunno, as two members of that gang. Subsequently, the complainant selected

their photographs from separate photo displays, and picked the defendant Rotunno from a lineup. There was some testimony which suggested that Police Officer Kocik had told another senior officer, Detective Torres, that there had been no identification at the scene. However, Officer Kocik testified that there was an identification at the scene and that Detective Torres had misunderstood him. This discrepancy was a matter for the jury's resolution *(see, People v Gaimari, supra).*

The defendant next contends that the court erred when it precluded him from recalling Detective Torres, his only witness, to testify that, on his first interview with the complainant, the complainant did not say that he had identified the defendants at the scene to Officer Kocik. The defendant also attacks as error the trial court's ruling precluding him from eliciting, from Officer Kocik, that the complainant may have given a slightly different location of the robbery. We disagree with the defendant on both contentions. Both rulings were proper since this constituted an attempt to impeach the credibility of the complainant by utilizing the police officers' testimony, without, at any time, subjecting the complainant to cross-examination on this issue. It is settled that before a witness can be impeached with a prior inconsistent statement, *that witness* must be given an opportunity to explain the inconsistency. Further, this entire procedure is committed to the trial court's discretion. This was made clear by the Court of Appeals in *People v Duncan* (46 NY2d 74, 80-81): "As a general rule, the credibility of any witness can be attacked by showing an inconsistency between his testimony at trial and what he has said on previous occasions (Richardson, Evidence [10th ed-Prince], § 501). However, as this testimony is often collateral to the ultimate issue before the jury and bears only upon the credibility of the witness, its admissibility is entrusted to the sound discretion of the Trial Judge whose rulings are not subject to review unless there has been an abuse of discretion as a matter of law *(People v Sorge,* 301 NY 198, 202). Further, it is necessary that the witness be clearly and fairly apprised of the statements which may be subject to impeachment *(Loughlin v Brassil,* 187 NY 128, 134). Thus, there must be a proper foundation laid for the introduction of prior inconsistent statements of a witness. In order to prevent surprise and give the witness the first opportunity to explain any apparent inconsistency between his testimony at trial and his previous statements, he must first be questioned as to the time, place and substance of the prior statement *(People v Weldon,* 111 NY 569, 575-576; Richardson, Evidence [10th ed-

Prince], § 502).'' Since the defendant did not avail himself of the opportunity to impeach the complainant with both prior inconsistencies, we find that the court's ruling was proper and not an improvident exercise of discretion.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Kunzeman and Rubin, JJ., concur.