■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE JIMINEZ, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered May 3, 1990, convicting defendant of criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, and sentencing him as a predicate felon to concurrent terms of 4½ to 9 years, and 2 to 4 years, respectively, unanimously affirmed.

Police officers, in the early morning hours, observed defendant hand a tinfoil packet to another person in exchange for money, near double-parked cars and in the presence of onlookers. As police approached, defendant dropped a brown paper bag and walked off quickly. When defendant was apprehended, he struggled and hit the arresting officer at least twice. The brown bag was recovered and found to contain tinfoil packets of cocaine. Defendant's neighbor testified that police officers attacked the defendant after he exited from a cab for no reason and that there were other persons selling drugs in the area earlier in the day. The trial court, however, precluded both cross-examination of police officers and direct testimony from the defense witness concerning the fact that drug dealers often stashed their drugs in the location of the arrest. The court's preclusion of the evidence that drug dealers often hid their drugs in the location of defendant's arrest was not an abuse of discretion. While the defendant has a right to introduce evidence that a third party committed the crime (Chambers v Mississippi, 410 US 284), the prospective evidence must do more than raise a mere suspicion that a third party committed the crime. There must be a clear connection between that specified third party and the crime (see, People v Austin, 112 AD2d 242; People v Aulet, 111 AD2d 822, lv denied 66 NY2d 761). Defendant in the present case did not make an adequate offer of proof, and his appellate stance is sheer speculation.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.