■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JENKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered April 9, 1988, convicting him of murder in the second degree, attempted murder in the second degree (two counts), attempted assault in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Specifically, the evidence showed that the defendant had an argument with Jose Danny Collado, and returned with a gun later that evening, shooting him, as well as Hector Lopez, who was standing nearby. The evidence also demonstrated that the next evening, the defendant said that "[h]e had some problems with some people around there * * * [but] that he [was] going to take care of it". Several minutes after making this statement, the defendant, accompanied by

another armed individual, started shooting at Collado, who was standing amongst a crowd of people. After shooting at Jamie Prieto, who died from a bullet wound, the defendant pointed his gun at Carlos Lara, who was on the ground. The defendant made a triggering motion, but the gun never fired. In this context, we find that the defendant's intent to shoot Lara could clearly be inferred from his conduct *(see, People v Bracey,* 41 NY2d 296; *People v Moore,* 165 AD2d 884).

The defendant further contends that the hearing court erred in determining that Lopez had an independent source for identifying the defendant, after finding that he had participated in a suggestive showup. We disagree. "It is well settled that a witness may still identify the perpetrator of a crime as part of his or her in-court testimony notwithstanding the existence of an unduly suggestive pretrial identification, provided that the People demonstrate by clear and convincing evidence that the in-court identification is based upon the witness's independent observation of the defendant" *(People v Hyatt,* 162 AD2d 713, 713-714; *see, Manson v Brathwaite,* 423 US 98, 114-115; *United States v Wade,* 388 US 218, 241). In this case, Lopez had an unobstructed view of the defendant in a well-lighted area, from a distance of three or four feet, while the defendant argued with one of Lopez's friends. Later the same evening, under the same conditions, he saw the defendant, and recognized him as the person he had seen during the earlier argument. The witness watched the defendant approach from a distance of 25 feet, after which the defendant pulled out a gun, and Lopez fled. Upon review of the facts, we find that the hearing court's determination was supported by the record *(see, People v Prochilo,* 41 NY2d 759).

The defendant's remaining contentions are either unpreserved for appellate review or without merit *(see, People v Pena,* 50 NY2d 400; *People v Canty,* 60 NY2d 830; *People v Nimmons,* 72 NY2d 830; *People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.