■ The People of the State of New York, Respondent, v Danny Haramura, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered October 11, 1990, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention, that the prosecutor's cross-examination of him regarding his ability to understand and speak English improperly appealed to racial prejudice, is not preserved for appellate review. The defense counsel never specifically raised such a claim either in her objections, motion for a trial order of dismissal, or motion for a mistrial (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858; People v Colavito, 70 NY2d 996; People v Harrison, 167 AD2d 353). However, we note that a witness may not be contradicted by the introduction of extrinsic evidence regarding collateral matters for the sole purpose of impeaching his credibility (see, People v Pavao, 59 NY2d 282, 288; People v Saporita, 132 AD2d 713, 716). Here, despite requesting a court-appointed interpreter, the defendant never injected his inability to speak or understand English into the trial; nor did he deny that he spoke English to the complainant and the arresting officer. Therefore, the prosecutor's persistent cross-examination of the defendant on this point was improper. However, the proof of

the defendant's guilt in this case was overwhelming. Accordingly, the prosecutor's cross-examination must be assessed for its prejudicial effect under a standard which " 'requires [a] greater impropriety to produce that effect in a stronger case' " *(People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837). On this record it cannot be said that the misconduct "substantially prejudiced" the defendant's trial *(People v Galloway,* 54 NY2d 396, 401; *People v Roopchand, supra).* Thus, we find that the error was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Melendez,* 158 AD2d 720, 721).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.