■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO SANTANO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered March 9, 1989, convicting him of robbery in the first degree, robbery in the second degree and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we discern no error in the court's action in striking the testimony of defense witness, Dorothy Sandoval *(see, People v Benbow,* 180 AD2d 805). "While due process requires that a defendant in a criminal case be permitted to call witnesses in his own behalf and to introduce evidence that a person other than he committed the crime charged *(see, Chambers v Mississippi,* 410 US 284), 'such evidence must do more than raise a mere suspicion that another person committed the crime; there must be a clear link between the third party and the crime in question' " *(People v Zanfordino,* 157 AD2d 682, 683, quoting *People v Brown,* 133 AD2d 773, 774; *People v Austin,* 112 AD2d 242; *People v Aulet,* 111 AD2d 822, 825; *People v Jiminez,* 172 AD2d 367, 368). In the instant case, we find that the defendant failed to establish such a link. Bald assertions

that two unknown men were the perpetrators by the mere fact that there were some similarities in their appearance and the description given by the complainant is insufficient to allow extended inquiry into irrelevant, speculative, and potentially confusing areas *(see, People v Zanfordino, supra; People v Austin, supra)*. Consequently, the court's preclusion of Sandoval's testimony was appropriate.

We further find no merit to the defendant's contention that the trial court erred in precluding his attorney from questioning a defense witness about certain allegedly prior inconsistent statements made to him by an eyewitness. The issue of the admissibility of a prior inconsistent statement for the purpose of impeaching a witness is addressed to the sound discretion of the trial court, and its determination will not be set aside absent an improvident exercise of that discretion *(see, People v Johnson,* 176 AD2d 269, 270; *People v Fiedorczyk,* 159 AD2d 585, 586; *People v Auricchio,* 141 AD2d 552). Given the lack of a proper foundation for the admission of the testimony *(see,* Richardson, Evidence § 502 [Prince 10th ed]; *People v Wise,* 46 NY2d 321, 326; *People v Lawrence,* 179 AD2d 682; *People v Fiedorczyk, supra; People v Banks,* 151 AD2d 491, 492; *People v Jones,* 136 AD2d 740, 741), and the uncertainty as to the source of its contents *(see, People v Johnson, supra)*, we discern no improvident exercise of discretion in its exclusion. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.