◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 9, 1988, convicting him of attempted murder in the second degree, robbery in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo*, 44 AD2d 86, 88).

We further find no merit to the defendant's contention that

the hearing court committed error when it determined that the complainant had an independent source for identifying the defendant, notwithstanding its prior finding that the defendant had participated in a suggestive lineup. "It is well settled that a witness may still identify the perpetrator of a crime as part of his or her in-court testimony notwithstanding the existence of an unduly suggestive pretrial identification, provided that the People demonstrate by clear and convincing evidence that the in-court identification is based upon the witness's independent observation of the defendant" (People v Hyatt, 162 AD2d 713, 713-714; People v Jenkins, 184 AD2d 731; see, Manson v Brathwaite, 432 US 98, 114-115). The amount of time a witness has to observe the defendant is only one factor to be considered under the totality of circumstances surrounding an identification (see, People v Hyatt, supra; People v Neese, 138 AD2d 531; People v Androvett, 135 AD2d 640, 642). In this case, the complainant viewed the defendant numerous times in the rearview mirror of his livery cab as he drove the defendant to his destination. He also looked directly at the defendant on at least two occasions, under good lighting conditions. Upon review of the facts, we find that the hearing court's determination was supported by the record (see, People v Prochilo, 41 NY2d 759).

We also reject the defendant's contention that he was denied a fair trial when the trial court precluded him from introducing evidence that another person was the true perpetrator of the crimes for which the defendant was convicted. "While due process requires that a defendant in a criminal case be permitted to call witnesses in his own behalf and to introduce evidence that a person other than he committed the crime charged (see, Chambers v Mississippi, 410 US 284), 'such evidence must do more than raise a mere suspicion that another person committed the crime; there must be a clear link between the third party and the crime in question' " (People v Zanfordino, 157 AD2d 682, 683, quoting People v Brown, 133 AD2d 773, 774; see also, People v Austin, 112 AD2d 242; People v Aulet, 111 AD2d 822).

We conclude that no " 'clear link between the third party and crime in question' " was established in this case (see, People v Zanfordino, supra, at 683). The only connection between the other individual and the crimes committed herein was that the other individual was accused of murdering a taxicab driver near to where the present offense occurred, both the defendant and that individual lived in the same housing project, and defense counsel had "heard" from un-

named sources that the "word" around the housing project was that the other individual was the true culprit. However, when presented with a photograph of that other individual at trial, the complainant unequivocally testified that he was *not* the man who had robbed and shot him.

We find that the defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.