■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SPARMAN, Appellant. [608 NYS2d 672] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered November 9, 1992, convicting him of rape in the first degree (eight counts) and incest (eight counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant stands convicted of rape in the first degree and incest for the repeated rapes of his twin nieces during a two-year period when the children were between six and eight years of age. On appeal, the defendant contends that his conviction should be reversed because the jury failed to give proper weight to the testimony of his expert medical witness, and because the testimony of the complainants, who were 12 years old at the time of trial, was contradictory and ambiguous. We disagree. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

Here, the 12-year-old victims clearly and unequivocally testified that the defendant repeatedly raped them while he lived in their home from September 1986 to April 1988, and the prosecution additionally presented expert medical and psychological testimony to support its case. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We further find that the trial court did not improvidently exercise its discretion in permitting the prosecution's expert medical witness, Dr. Mohammed Baker, to testify that his 1991 examination of the victims revealed interruptions or tears in their hymens, which were consistent with repeated sexual intercourse over a period of years. Contrary to the defendant's contention, Dr. Baker's testimony was not tainted by the fact that he examined the children more than three years after the period of abuse had ended. Despite the passage of time, Dr. Baker was able to conclude, "[with] a degree of confidence in his conclusions sufficient to satisfy accepted standards of reliability" (People v Brown, 67 NY2d 555, 560, cert denied 479 US 1093), that the victims could have been raped up to four years prior to his examination of them. Under these circumstances, the trial court acted within its discretion in admitting the challenged testimony (see, People v Brown, supra; People v Bethune, 105 AD2d 262).

We also find no merit to the defendant's claim that reversible error took place when the court precluded him from introducing evidence to suggest that the victims' father was the true perpetrator. Although due process requires that a defendant in a criminal case be permitted to call witnesses in his own behalf and to introduce evidence that a person other than he committed the crimes charged (see, Chambers v Mississippi, 410 US 284), it is well settled that " ' "such evidence must do more than raise a mere suspicion that another person committed the crime; there must be a clear link between the third party and the crime in question" ' " (People v Brown, 187 AD2d 662, 663; People v Zanfordino, 157 AD2d 682). The trial court properly precluded the defendant from introducing, inter alia, evidence that the victims' father had been convicted of sexual abuse in 1991 (see, People v Aulet, 111 AD2d 822, 825).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.