THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW N. RESTIVO, Appellant. [621 NYS2d 268] —Judgment unanimously affirmed. Memorandum: There is no merit to the contentions that defendant's conviction is based on legally insufficient evidence or is against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Even without the accomplice testimony, there is sufficient evidence in the rec-

ord, including defendant's admissions and fingerprint at the murder scene, to connect defendant with the commission of the crimes (see, CPL 60.22 [1]; People v Moses, 63 NY2d 299).

There is also no merit to the contention that County Court erred in failing to suppress defendant's statements to a fellow prison inmate on the ground that the inmate was an agent of the police. The record establishes that the police did not solicit the aid of the inmate-witness, that the inmate-witness provided the information on his own initiative, and that the People's role was limited to passive receipt of the information. Those circumstances establish that the inmate-witness was not an agent of the police (see, People v Cardona, 41 NY2d 333, 335).

There is also no merit to the contention that the court erred in precluding defendant from introducing evidence that other individuals were the perpetrators of the crimes. Because there was no clear link establishing that a third party committed the crimes, the court properly excluded that evidence (see, People v Brown, 187 AD2d 662, 663, lv denied 81 NY2d 882; People v Zanfordino, 157 AD2d 682, lv denied 75 NY2d 971; People v Aulet, 111 AD2d 822, 825, lv denied 66 NY2d 761).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Genesee County Court, Morton, J.—Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.