■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS BROWN, Appellant. [625 NYS2d 925] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered April 3, 1991, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial, portions of an audiotape of a telephone conversation between an alibi witness and an Assistant District Attorney were admitted into evidence. The defendant failed to preserve for appellate review his contention that the audiotape was not properly authenticated *(see,* CPL 470.05 [2]).

The defendant contends that the portions of the audiotape in which the witness stated that the defendant had let her into her apartment building on the night of the crime were improperly excluded from evidence. However, it is unclear from the record what portions of the audiotape were heard by the jury. Therefore, there is an insufficient record for appellate review of this issue. In any event, the trial court permitted the alibi witness to explain that, when she had told the Assistant District Attorney that she had not seen the defendant on the night of the crime, she had meant she had not seen the defendant before she had arrived home that night. Thus, the jury was not left with the misleading impression that the alibi witness had told the Assistant District Attorney

that she had not seen the defendant at all on the night of the crime.

There is no merit to the defendant's contention that the trial court erred by precluding the introduction of a police report in which were recorded allegedly prior, inconsistent statements of a People's witness. "The issue of the admissibility of a prior inconsistent statement for the purpose of impeaching a witness is addressed to the sound discretion of the trial court, and its determination will not be set aside absent an improvident exercise of that discretion" (People v Santano, 187 AD2d 618, 619; People v Fiedorczyk, 159 AD2d 585, 586). Given the uncertainty of the source of the statements in the police report (see, People v Santano, supra), the trial court's exclusion of the report was not an improvident exercise of discretion.

The sentence that was imposed is not excessive (see, People v Suitte, 90 AD2d 80, 83).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.