■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RODRIGUEZ, Appellant. [632 NYS2d 649] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 29, 1993, convicting him of murder in the second degree, robbery in the second degree (four counts), and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenges to various remarks made by the prosecutor during trial and summation are unpreserved for appellate review inasmuch as no objections were raised to any of the comments in question *(see,* CPL 470.05 [2]; *People v Bynum,*

70 NY2d 858; *People v Nuccie,* 57 NY2d 818; *People v Haramura,* 186 AD2d 676; *People v Sansevero,* 185 AD2d 256; *People v Okon,* 184 AD2d 664).

Moreover, the trial court did not err in limiting the defendant's cross-examination of the People's witness regarding the physical appearance of the defendant's brother. Even though a defendant has a right to introduce evidence that a person other than himself committed the crime *(see, Chambers v Mississippi,* 410 US 284), the evidence must do more than raise a mere suspicion that another person committed the crime. There must be a clear link between the third party and the crime *(see, People v Austin,* 112 AD2d 242; *People v Aulet,* 111 AD2d 822; *see also, Greenfield v People,* 85 NY 75, 90; *People v Brown,* 133 AD2d 773, 774). Since the defense counsel failed to discharge his burden of making a specific offer of proof as to the admissibility of the testimony after the People's objections thereto, the court's ruling was proper *(see,* Fisch, New York Evidence § 22, at 14 [2d ed]; *People v Zambrano,* 114 AD2d 872; *People v Austin, supra,* at 243).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.