■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHELTON CROSSLAND, Respondent. [633 NYS2d 324] —Appeal by the People from (1) a decision of the Supreme Court, Kings County (Hall, J.), dated July 12, 1993, and (2) an order of the same court, dated July 13, 1993, which granted those branches of the defendant's omnibus motion which were to suppress his

statements to law enforcement officials and identification testimony.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (cf., CPL 450.20, 450.50); and it is further,

Ordered that the order is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and the lineup identification are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The Supreme Court erred in concluding that the police did not possess probable cause to arrest the defendant in connection with a July 6, 1992 shooting at a Brooklyn construction site. In the aftermath of the shooting, witnesses (1) described the four perpetrators as being members of a labor coalition group called "Enough is Enough" which was known to be headed by the defendant, (2) described one of the perpetrators as a black male, approximately 5'3" tall and 200 pounds, (3) described one of the getaway vehicles by license plate number; and (4) notified the police when the vehicle was sighted one month later. In addition, witnesses identified the codefendant Darryl Williams, a member of "Enough is Enough", as being one of the perpetrators.

Acting pursuant to the tip concerning the location of the getaway vehicle, Detectives Green and Loske, who were assigned to a task force investigating extortion and violence perpetrated by such labor groups, observed two black males leave a construction site, enter the vehicle, and drive to a nearby construction site where members of "Enough is Enough" were known to be working. As the two males alighted from the vehicle, Detective Green recognized one of the men as the co-defendant Darryl Williams, but did not recognize the other passenger (i.e., the defendant). However, Detective Green did observe that the defendant fit the unique physical characteristics ascribed to one of the perpetrators (i.e., short, heavy, black male approximately 5'3" tall and 200 pounds). The defendant and Williams were stopped and frisked by the detectives as they left the construction site. As he was being patted down, the defendant inquired as to the reason for the detectives' actions. When informed that the vehicle had been used in the shooting at the construction site, the defendant replied: "Why would I do a shooting in a car that I use everyday?" The defendant later identified himself by name, which Detective Green recognized as one of the two principal leaders of the

labor group implicated in the shooting. The defendant was handcuffed, placed in a police vehicle, and taken to a police precinct. Once at the precinct, the defendant was placed in a lineup and identified by one of the witnesses to the shooting. After a suppression hearing, at which the foregoing facts were elicited, the Supreme Court granted the defendant's motion to suppress his statements to police and the identification testimony. We reverse.

The testimony at the suppression hearing supports a finding that the initial stop and frisk of the defendant was authorized by law *(see, People v Carney,* 58 NY2d 51, 53-54; *People v Cantor,* 36 NY2d 106, 112-113; *People v Salvaty,* 163 AD2d 494; *see also,* CPL 140.50). Further, the factual knowledge acquired by Detective Green after the lawful stop elevated the level of suspicion to probable cause, thereby justifying the arrest of the defendant and the subsequent lineup identification procedure conducted at the police precinct *(see, People v Carrasquillo,* 54 NY2d 248, 254; *People v Mojica,* 171 AD2d 698; *People v Rodriguez,* 128 AD2d 740; *see also,* CPL 140.10 [1] [b]; 70.10 [2]). Accordingly, the Supreme Court erred in granting those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and the identification testimony. Rosenblatt, J. P., Pizzuto, Altman and Hart, JJ., concur.