■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENNARO DIPALO, Appellant. [633 NYS2d 803] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered May 25, 1993, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Barasch, J.), of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention concerning the reliability of the hearing court's findings is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Sumpter,* 192 AD2d 628). Where, as here, the defendant fails to move to reopen the hearing, trial testimony cannot be used to challenge the suppression ruling *(see, People v Diaz,* 194 AD2d 688, 689). In any event, the defendant's contentions are without merit, insofar as the arresting officer's testimony at the *Wade* hearing did not raise a substantial issue as to the constitutionality of the identification procedure *(see, People v Chipp,* 75 NY2d 327, 337, *cert denied* 498 US 833; *People v Harvall,* 196 AD2d 553).

Nor has the defendant preserved his contention that the court erred in precluding him from testifying about two unrelated lineups in which he had not been identified by witnesses *(see,* CPL 470.05 [2]; *People v Black,* 138 AD2d 498, 499). In any event, this contention is without merit, since the defendant failed to make a clear and unambiguous offer of proof demonstrating the relevance of the defendant's proposed testimony regarding the two other lineups *(see, People v Billups,* 132 AD2d 612, 613). " 'While due process requires that a defendant in a criminal case be permitted to call witnesses in his [or her] own behalf and to introduce evidence that a person other than he [or she] committed the crime charged *(see, Chambers v Mississippi,* 410 US 284), "such evidence must do more than raise a mere suspicion that another person committed the crime; there must be a clear link between the third party and the crime in question" ' " *(People v Santano,* 187 AD2d 618, quoting *People v Zanfordino,* 157 AD2d 682, 683).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was

legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). While the People's case depended on the eyewitness identification made by the complainant, the testimony of a single eyewitness can be sufficient to support a judgment of conviction (see, *People v Arroyo,* 54 NY2d 567, 578, *cert denied* 456 US 979; *People v Livingston,* 184 AD2d 529, 530; *People v Azzara,* 138 AD2d 495). Bracken, J. P., Miller, Altman and Florio, JJ., concur.