◼ The People of the State of New York, Appellant, v Kareem Padgett, Respondent. [634 NYS2d 7] —Appeal by the People from an order of the Supreme Court, Queens County (Rotker, J.), dated August 22, 1994, which granted the defendant's motion to suppress identification testimony.

Ordered that the order is reversed, on the law, the motion is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendant was charged with the gunpoint robbery of the complainants' hardware store. Although the perpetrator wore a mask during the commission of the crime, one complainant observed him remove his mask as he left the store, and they both followed him for several blocks, ultimately trailing him to a building to which the police were summoned. The defendant was arrested inside that building. During the course of their pursuit, each of the two complainants had repeated opportunities to view the defendant's face at close range under unobstructed, daylight conditions. Therefore, while we accept the

People's concession that certain custodial identification procedures employed in this case were unduly suggestive, we disagree with the court's suppression ruling, as the People demonstrated at the *Wade* hearing, by clear and convincing evidence, that each of the two complainants possessed independent bases upon which they may properly make in-court identifications of the defendant *(see, People v Steward,* 206 AD2d 397; *People v Brown,* 187 AD2d 662, 663; *People v Jenkins,* 184 AD2d 731; *People v Hyatt,* 162 AD2d 713).

We have reviewed the defendant's remaining contentions in support of affirmance and find them to be without merit. Bracken, J. P., Miller, Altman and Florio, JJ., concur.