THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL FELDER, Appellant. [647 NYS2d 526] —Appeal by the defendant from a judgment of the County Court, Nassau County (Dunne, J.), rendered July 5, 1994, convicting him of murder in the second degree and attempted robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The testimony at the suppression hearing demonstrates that the initial stop of the defendant was authorized by law *(see, People v Carney,* 58 NY2d 51, 53-54; *People v Cantor,* 36 NY2d 106, 112-113; *People v Crossland,* 220 AD2d 764; *People v Salvaty,* 163 AD2d 494; *see also,* CPL 140.50). Further, the factual knowledge acquired by the detective after the lawful stop elevated the level of suspicion to probable cause, thereby justifying the arrest of the defendant *(see, People v Carrasquillo,* 54 NY2d 248, 254; *People v Crossland, supra; People v Mojica,* 171 AD2d 698; *People v Rodriquez,* 128 AD2d 740).

The court properly limited defense counsel's cross-examination of one of the People's witnesses *(see, People v Austin,* 112 AD2d 242, 243). While a defendant does have the right to introduce evidence that a person other than himself committed the crime *(see, Chambers v Mississippi,* 410 US 284), the evidence must do more than raise a mere suspicion that another person committed the crime. In this case, the defendant failed to show a clear link between the third party and

the crime *(see, People v Austin, supra; People v Aulet,* 111 AD2d 822; *see also, Greenfield v People,* 85 NY 75, 90; *People v Santano,* 187 AD2d 618; *People v Zanfordino,* 157 AD2d 682, 683; *People v Brown,* 133 AD2d 773, 774).

The defendant's remaining contentions are without merit. Miller, J. P., Altman, Hart and McGinity, JJ., concur.