■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS McDONALD, Appellant. [647 NYS2d 795] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 7, 1988, convicting him of murder in the second degree and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence against him was legally insufficient is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Also unpreserved for appellate review is the defendant's contention that the court erred in permitting Detective Donohue to offer expert testimony that the burglary at issue appeared to be staged (see, CPL 470.05 [2]). In any event, this testimony was properly admitted, since the method by which the police are able to determine whether a burglary is authentic or staged is not a subject within the common knowledge of the typical juror (see, *People v Hill*, 85 NY2d 256, 261).

The detective's testimony, on redirect examination, that he concluded that the burglary was staged because the crime scene was ''over done'' was also properly admitted, since defense counsel opened the door on cross-examination for the prosecutor to elicit this further testimony (see, People v Bolden, 58 NY2d 741, 742; People v Howard, 193 AD2d 620, 621).

Equally unavailing is the defendant's contention that the court improperly restricted his defense by precluding him from asking the detective who investigated the crime about the deceased's sexual behavior and her alleged involvement in voodoo, since defense counsel failed to make a sufficient offer of proof demonstrating the relevance of the line of inquiry (see, People v Rodriguez, 220 AD2d 699). " ' "While due process requires that a defendant in a criminal case be permitted to call witnesses in his [or her] own behalf and to introduce evidence that a person other than he [or she] committed the crime charged (see, Chambers v Mississippi, 410 US 284), 'such evidence must do more than raise a mere suspicion that another person committed the crime; there must be a clear link between the third party and the crime in question' " ' " (People v DiPalo, 221 AD2d 463, quoting People v Santano, 187 AD2d 618).

The defendant's remaining claims are unpreserved for appellate review (see, CPL 470.05 [2]), and, in any event, without merit. Miller, J. P., Pizzuto, Joy and McGinity, JJ., concur.