■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GRIFFIN, Appellant. [669 NYS2d 344] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered February 27, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see, CPL 470.05 [2]; People v Ahmed, 243 AD2d 482; People v Davis, 229 AD2d 969). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

In response to a note from the jury inquiring whether the jurors could consider comments "blurted out" by the defendant during the trial, the court gave a definition of testimonial evidence. Contrary to the defendant's contention, this did not constitute an impermissible comment on the defendant's constitutional right to remain silent and did not draw the jury's attention to the defendant's failure to testify (see, People v Staley, 182 AD2d 846; People v Wilson, 162 AD2d 747; People v Kimbrough, 134 AD2d 618).

Finally, we find no merit to the defendant's claim that reversible error took place when the court precluded him from introducing evidence suggesting that someone other than he had motive to harm the victim. Although due process requires that a defendant in a criminal case be permitted to call witnesses in his own behalf and to introduce evidence that a person other than he committed the crimes charged (see, Chambers v Mississippi, 410 US 284), it is well settled that " ' "such evidence must do more than raise a mere suspicion that another person committed the crime; there must be a clear link between the third party and the crime in question" ' " (People v Sparman, 202 AD2d 452, 453; see, People v Brown, 187 AD2d 662, 663; People v Zanfordino, 157 AD2d 682). The evidence here was properly precluded (see, People v Aulet, 111 AD2d 822, 825). Miller, J. P., Ritter, Pizzuto and Altman, JJ., concur.