THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ALEXANDER NEAL, Appellant. [670 NYS2d 860] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered December 10, 1996, convicting him of attempted rape in the first degree and sexual abuse in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Jones, J.), of that branch of the defendant's omnibus motion which was to suppress statements made to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not err in finding that the police advised him of his *Miranda* rights, and that he thereafter voluntarily made certain statements to the police. The purported inconsistencies or contradictions in the testimony of Detective Rafferty, relied upon by the defendant in support of his claim, included matters that properly were for the hearing court, sitting as trier of fact, to resolve. Great deference is accorded to the trier of fact, as it had the opportunity to view the witnesses, hear their testimony, and observe their demeanor (*see, People v Bleakley,* 69 NY2d 490, 495). It cannot be said that the court's finding that the alleged statements were made is clearly unsupported by the record (*see, People v Nieves,* 143 AD2d 229; *People v Garafolo,* 44 AD2d 86). Accordingly, we decline to disturb it on appeal.

Equally unavailing is the defendant's contention that the hearing court erroneously concluded that the police advised him of his *Miranda* rights. A review of the hearing record clearly indicates that Detective Rafferty advised the defendant of his *Miranda* rights in the parlor area of his residence, specifically informing him that he had the right to remain silent, that anything he said could and would be used against him in a court of law, that he had the right to an attorney, and that if he could not afford an attorney, one would be appointed for him. Further, the record reveals that after being advised of his rights, the defendant indicated his willingness to speak with Detective Rafferty without the presence of counsel.

Similarly without merit is the defendant's claim that he was denied a fair trial when the trial court precluded him from presenting evidence that the boyfriend of the victim's aunt was arrested for sexual molestation at around the same time that the crimes occurred in the instant case. While due process requires that a defendant in a criminal case be permitted to call wit-

nesses in his or her own behalf and to introduce evidence that a person other than he or she committed the crime charged (*see, Chambers v Mississippi,* 410 US 284), such evidence must do more than raise a mere suspicion that another person committed the crime. There must be a clear link between the third party and the crime in question (*see, People v McDonald,* 231 AD2d 647; *People v DiPalo,* 221 AD2d 463). Here, the only connection between the boyfriend of the victim's aunt and the crimes committed herein was defense counsel's bare allegations that the boyfriend had been arrested for the sexual molestation of a third person at around the same time that the present offense occurred, and that the victim had "reasonable exposure" to the boyfriend. This was insufficient to establish the requisite clear link between the third party and the crimes in question, and thus the trial court's ruling was appropriate (*see, People v Sparman,* 202 AD2d 452, 453; *People v Santano,* 187 AD2d 618, 619; *People v Brown,* 187 AD2d 662, 663-664).

Contrary to the defendant's contention, the prosecutor's summation did not deprive him of a fair trial. Upon consideration of the record as a whole (*see, People v D'Alessandro,* 184 AD2d 114), the prosecutor's remarks constituted fair comment on the evidence (*see, People v Galloway,* 54 NY2d 396).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or relate to harmless error. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.