■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN PAGAN, Appellant. [683 NYS2d 273] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered October 4, 1994, convicting him of criminal possession of a weapon in the third degree (two counts) and tampering with a witness in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied the right to be present during a sidebar discussion with a prospective juror (*see, People v Antommarchi,* 80 NY2d 247). A defendant seeking reversal of his conviction on this ground must provide the appellate court with an adequate record for determining whether he was wrongfully excluded from a material stage of the trial (*see, People v Camacho,* 90 NY2d 558, 562; *People v Maher,* 89 NY2d 318, 325; *People v Kinchen,* 60 NY2d 772).

Here, the record fails to establish that the discussion with the prospective juror concerned an issue which required the defendant's presence (*see, People v Antommarchi, supra*; *cf., People v Velasco,* 77 NY2d 469). The juror, in response to the question of whether he or any friend or relative had ever been arrested or charged with a crime or offense, indicated that his response was "personal". The subsequent sidebar discussion with this juror was not recorded and we decline to speculate on the substance of that discussion. In view of our determination, we need not address the defendant's contention that his waiver of his *Antommarchi* rights was invalid.

The defendant's contention that the court impermissibly limited his cross-examination of certain witnesses is without merit (*see, People v Thomas,* 46 NY2d 100, 105-106; *People v Cullen,* 236 AD2d 808). His remaining contention regarding the court's charge is unpreserved for appellate review, and, in any event, without merit. Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.