◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO GEDEON, Appellant. [693 NYS2d 48] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered November 13, 1995, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The record of the *Wade* hearing reveals that the complainant's identification of the defendant at a lineup, conducted approximately two years after the complainant identified the defendant from viewing a single photograph, was sufficiently attenuated in time so as to remove any taint from the photographic identification (*People v Dubois,* 140 AD2d 619, 622; *People v Robert,* 184 AD2d 597, 598). In any event, the People proved by clear and convincing evidence that the complainant had a basis, independent from the single photograph identification, to make an in-court identification of the defendant (*see, People v Brown,* 187 AD2d 662, 663; *People v Washington,* 111 AD2d 418). Accordingly, the County Court properly admitted both identifications into evidence.

Viewing the evidence in the light most favorable to the prosecution, we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Contes,* 60 NY2d 620). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (*see, People v Brown, supra*; *see also, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88; *see also, People v Androvett,* 135 AD2d 640, 641). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Brown, supra*). Miller, J. P., Ritter, Copertino and Altman, JJ., concur.