■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALID WEST, Appellant. [715 NYS2d 339] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 18, 1997, convicting him of attempted murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his right to be present at sidebar conferences during voir dire was violated. The record clearly reveals that the defendant's right was knowingly, voluntarily, and intelligently waived through counsel (*see, People v Keen,* 252 AD2d 278, *affd* 94 NY2d 533; *People v Broadwater,* 248 AD2d 719).

Moreover, a defendant seeking reversal of his conviction on the ground that he was denied the right to be present during a sidebar discussion with a prospective juror must provide an adequate record for determining whether he was wrongfully

excluded from a material stage of the trial (*see, People v Pagan,* 256 AD2d 361). At bar, the record fails to establish that the discussions with the prospective jurors concerned an issue which required the defendant's presence (*see, People v Pagan, supra*).

We also reject the defendant's contention that reversible error took place because the court precluded him from introducing a photograph of another individual who he claimed was the perpetrator of the attempted murder for which he was convicted. While due process requires that a defendant in a criminal case be permitted to call witnesses on his own behalf and to introduce evidence that a person other than he committed the crime charged (*see, Chambers v Mississippi,* 410 US 284), " 'such evidence must do more than raise a mere suspicion that another person committed the crime; there must be a clear link between the third party and the crime in question' " (*People v Zanfordino,* 157 AD2d 682, 683; *People v Brown,* 133 AD2d 773, 774; *People v Austin,* 112 AD2d 242; *People v Aulet,* 111 AD2d 822). Apart from sheer speculation, there was no evidence to establish a link between the photograph of the other individual and the crimes charged. Santucci, J. P., Sullivan, Friedmann and Smith, JJ., concur.