■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROWN, Appellant. [762 NYS2d 891] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 10, 2002 (*People v Brown,* 295 AD2d 442 [2002]), affirming a judgment of the Supreme Court, Queens County, rendered September 1, 1999.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]). Feuerstein, J.P., Goldstein, McGinity and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CALABRIA, Appellant. [762 NYS2d 882] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered October 16, 2000, convicting him of robbery in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The jury reasonably could have concluded, based upon the victim's identification testimony, that the defendant was the person who committed the crimes. The victim was able to recall, inter alia, his facial features, height, and build with sufficient clarity to inform police officers, shortly after the incident, that the defendant bore an uncanny resemblance to the detective in charge of the investigation (*see People v Arroyo,* 54 NY2d 567, 578 [1982], *cert denied* 456 US 979 [1982]; *see also People v DiPalo,* 221 AD2d 463 [1995]). This testimony was supported by photographs in evidence of the defendant and the detective at the time of the arrest. Furthermore, the jury was able to observe the similarities between the defendant and the detective during the detective's testimony at trial. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.