■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. JACOBS, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 20, 1986, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

Defendant was indicted and charged with the crime of sexual abuse in the third degree arising out of events that occurred on March 10, 1986 when, while baby-sitting the three-year-old daughter of a girlfriend, he was alleged to have engaged in sexual contact with the child. The victim was questioned and examined at a hospital. The examining physician testified that his findings were consistent with the presence of a male having some sort of sexual interaction with the victim. Defendant, upon being questioned by police from about 10:30 P.M. to 11:00 P.M. on March 10, 1986, gave a sworn statement in which he admitted having sexual contact with the victim.

County Court denied defendant's pretrial Sandoval motion to preclude cross-examination of defendant concerning prior bad acts underlying convictions for prostitution in 1982 and loitering for the purpose of prostitution in 1984. County Court

also held a competency hearing pursuant to CPL 60.20 and ruled, over defendant's strenuous objections, that the child had "the requisite intelligence and capacity to give probative [unsworn] evidence". County Court also denied defendant's motion to preclude admission into evidence of his sworn statement on the ground that it was not voluntarily made.

At trial, defendant took the stand in his own defense, denied the charge and testified that his sworn confession was the result of verbal abuse, physical beatings and threats to kill him by the police. He testified that he was struck in the face, head and upper body, knocked down and kicked in the groin by police officers. He also described how the police officers held a switchblade knife to his neck while threatening to slice him up and how they rubbed a billy club on his neck and up and down his back while asking him if he ever had his collarbone broken. The People, through direct and rebuttal evidence, controverted his allegations of verbal and physical abuse and threats.* The jury convicted defendant as charged and defendant was sentenced to a prison term of 2⅓ to 7 years. Defendant was released on bail pending the determination of this appeal.

We turn first to defendant's contention that County Court's refusal to charge the jury that the voluntariness of defendant's written confession must be proved beyond a reasonable doubt requires reversal. We note that the court gave a general charge on the burden of proof placing it squarely on the People to prove the elements of the offense charged beyond a reasonable doubt. In addition, the instant case is unique. Defendant's ability to maintain this argument has been frustrated by his judicial admissions in open court made upon his plea of guilty of the crime of first degree perjury. At the plea proceeding, defendant admitted that the testimony he gave at his trial regarding the voluntariness of his confession in the instant case was false and untrue. There was no evidence that the confession was involuntary other than that which came from defendant's own lips. In light of having admitted that he deceived County Court and the jury, defendant cannot now contend that his trial testimony on this issue is true. He cannot be permitted to benefit from his own untruthfulness and deceit perpetrated upon County Court, nor should he be

---

* In fact, defendant was recently convicted following his plea of guilty to perjury in the first degree concerning his testimony of police abuse and brutality. Defendant admitted that he falsely claimed that the police forced his confession, and that threats and abuse did not occur.

allowed to profit by his own fraud in this court *(see, e.g., People v Thompson,* 41 NY 1, 6-7). Consequently, there is no valid evidence before this court that would support the defense of an involuntary confession. In fact, the issue of the failure of County Court to properly instruct the jury that the People must prove the voluntariness of defendant's confession beyond a reasonable doubt has been rendered academic. Therefore, the defense is no longer in the case. We therefore decline to consider this issue.

We reject defendant's next contention that it was reversible error to allow the victim, who was three years old at the time of the incident (but four years old at the time of trial), to give unsworn testimony before the jury. CPL 60.20 permits an infant less than 12 years of age to give unsworn testimony if the court is satisfied that, although the infant does not understand the nature of an oath, the infant "possesses sufficient intelligence and capacity to justify the reception thereof" (CPL 60.20 [2]; *see, People v Nisoff,* 36 NY2d 560). After examining the minutes of the competency hearing and recognizing that County Court had the opportunity to observe the victim and her demeanor on the stand during the hearing, we cannot say that County Court abused its discretion in permitting the victim to give unsworn testimony. Absent a clear abuse of discretion, the determination of competency reached by the court should not be disturbed *(see, People v Parks,* 41 NY2d 36, 46).

We also find unpersuasive defendant's argument that the prosecutor's comments during summation, concerning inferences drawn from the testimony of the victim, were so prejudicial as to require reversal. County Court instructed the jury, upon defendant's objections to the prosecution's comments in summation, that the jurors were allowed to consider the demeanor of the witnesses and make inferences therefrom based on their own determination of the facts. It appears from this record that the prosecutor stayed within the four corners of the evidence and "avoid[ed] irrelevant comments which [had] no bearing on any legitimate issue in the case" *(People v Ashwal,* 39 NY2d 105, 109). Accordingly, we do not find that the remarks and comments of the prosecutor on summation were so prejudicial as to require reversal.

There is likewise no merit to defendant's contention that County Court erred in refusing to give a missing witness charge requested by defendant in regard to the victim's father and mother. Although County Court should not have relied on the "exclusive control" of a witness standard, as exclusivity is

not required, County Court nevertheless reached the proper result. The missing witness charge may be given only where the witness was "in a position to give *material* evidence, relevant to a sharply contested factual issue regarding the actual [crime]" *(People v Clark,* 128 AD2d 270, 272 [emphasis in original]). In view of defendant's confession, no inference drawn from the failure to produce the testimony of the parents would amount to an acquittal. The failure of County Court to give the missing witness charge was, at most, harmless error *(see, People v Crimmins,* 36 NY2d 230) and was not an abuse of discretion *(cf., People v Charles,* 61 NY2d 321, 329).

Finally, we reject defendant's argument that County Court erred in allowing cross-examination of defendant as to prior bad acts relating to prostitution. Here, the court properly held a *Sandoval* hearing before ruling on the issue. The prior bad acts showed a willingness on the part of defendant to place his own interest above that of society, were not remote in time, were not similar to the crime charged except as they related to offenses of a sexual nature and were of such probative value as to credibility that they could be found to outweigh their prejudicial effect. Thus, County Court cannot be said to have abused its discretion in permitting cross-examination as to these prior bad acts *(see, People v Bennette,* 56 NY2d 142; *People v Fransua,* 135 AD2d 909, *lv denied* 71 NY2d 1026, 72 NY2d 918; *People v Laundry,* 122 AD2d 450).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

