■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RIVERA, Appellant.—Judgments, Supreme Court, Bronx County (Joseph Mazur, J., at suppression hearing under Indictment No. 8172/89; Joseph A. Cerbone, J., at suppression hearing under Indictment No. 274/90, trials and sentence), rendered August 30, 1990, convicting defendant, after a jury trial under Indictment No. 8172/89, of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, and convicting defendant, after a jury trial under Indictment No. 274/90, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent prison terms of 3-½ to 7 years and 1 year to run consecutively to a prison term of 2-½ to 5 years, respectively, unanimously affirmed.

The hearing court properly denied defendant's suppression motion under Indictment No. 8172/89. The police officer was justified in reaching to defendant's waistband where he observed a large bulge, since defendant matched the radioed description of a man with a gun, was observed making furtive gestures towards his waist, and he could not explain to the police officers what he was doing in a robbery prone location at 3:00 A.M. Furthermore, the court did not abuse its discretion in denying defense counsel's request to reopen the hearing to allow introduction of evidence that the subway station was a few blocks away from where the officer testified it was. Since this issue had practically no bearing on the issue of suppression, there is also no merit to defendant's appellate argument that counsel was ineffective for failing to present critical evidence at the *Mapp* hearing.

Defendant's motion to suppress the gun under Indictment No. 274/90 was also properly denied, since defendant's act of discarding the gun was an act of abandonment not precipitated by illegal police conduct *(People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969). Furthermore, evidence establishing that the gun was discovered in the precise area where the officers had just seen defendant toss a dark object constituted legally sufficient evidence of defendant's possession of the gun.

Although the People did not turn over the memo book of a police officer who testified at the trial under Indictment No. 8172/89 until after both sides had rested, defense counsel

received this *Rosario* material at a time when it still would have been useful to the defense *(see, People v Perez,* 65 NY2d 154, 159). Since the court offered to reopen the case to permit defendant to cross-examine the officer regarding his memo book entries, defendant was not prejudiced by the delay and the court properly denied defendant's CPL 330.30 (1) motion to set aside the verdict on these grounds.

Finally, there is no merit to defendant's contention that the court abused its discretion in sentencing him.

Defendant's remaining claims are unpreserved, and, in any event, were we to reach them in the interest of justice, we would find them lacking in merit. Concur—Rosenberger, J. P., Wallach, Kassal and Rubin, JJ.