◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PACK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered June 27, 1989, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant testified that he was robbed by the defendant and two accomplices, one of whom was identified but not indicted. At trial, to advance a theory of misidentification, the defendant sought to offer the photograph of an individual who, along with the identified accomplice, had been arrested for a robbery which occurred approximately six months after the subject robbery, at the same location. The trial court excluded the evidence, finding no connection between the individual and the instant crime.

While the defendant's right to present a defense includes the right to present evidence that someone else committed the crimes alleged (see, Chambers v Mississippi, 410 US 284), there

must be more than "a mere suspicion that it was a different person that committed the crime. There must be a clear link that establishes that it was another that committed the crime" *(People v Aulet,* 111 AD2d 822, 825). Here, there is only speculation connecting the individual in question with the robbery for which the defendant was convicted. The trial court therefore properly excluded the photograph *(see, People v Zanfordino,* 157 AD2d 682, 683; *People v Brown,* 133 AD2d 773, 774).

In light of the defendant's extensive criminal past and the fact that he absconded during trial, we find no basis for disturbing the maximum sentence imposed by the court *(see, People v Noeth,* 162 AD2d 724, 725; *People v Suitte,* 90 AD2d 80, 85).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Mangano, P. J., Thompson, Bracken and Lawrence, JJ., concur.