THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY BELLAMY, Also Known as TREMAINE MEYERS, Appellant. [643 NYS2d 561]

Defendant's motion to suppress was properly denied. The sound of the gunshots and the crowd's movement toward the fleeing codefendant provided the transmitting officer with reasonable suspicion to pursue the codefendant (*People v Blackwell*, 206 AD2d 300, *appeal dismissed* 85 NY2d 851; *People v Sloan*, 178 AD2d 624, *lv denied* 79 NY2d 953). Thereafter, the apprehending officer was entitled to rely on the information provided by his fellow officer transmitted over the radio (*People v Brnja*, 50 NY2d 366, 373, n 4). Once the apprehending officer saw defendant and codefendant running together seconds later, and then observed defendant stop upon seeing the officer and drop an object to the ground, he was entitled to detain both men for the purposes of determining their involvement in the shooting (*compare, People v Burgos*, 175 AD2d 211, *lv denied* 78 NY2d 1010, *with People v Otty*, 223 AD2d 364). In any event, the recovery of the gun was lawful since defendant dropped the object prior to any action taken by the police, and therefore abandoned the property as the result of a calculated act (*People v Rivera*, 183 AD2d 674, *lv denied* 80 NY2d 933, citing *People v Boodle*, 47 NY2d 398, *cert denied* 444 US 969).

Defendant's additional claim that the court failed to inquire of two jurors who may have fallen asleep during the trial is unpreserved for appellate review since defendant failed to request an inquiry or other relief (*see, People v Williams*, 187 AD2d 398, *lv denied* 81 NY2d 849), and we decline to review it in the interest of justice. In any event, we note that the court did take steps to address the situation. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.