■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARIF W. DOUGLAS, Appellant. [656 NYS2d 500] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered May 2, 1995, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, criminal possession of a weapon in the second degree and assault in the second degree.

In the early morning hours of June 16, 1994, defendant entered the apartment of Michael Oranchak in the City of Binghamton, Broome County, and shot him in the shoulder. Defendant then ran from the apartment, followed by Amy Keesler, Oranchak's roommate, who shouted at him that she knew who he was. As a result, defendant was indicted and charged with attempted murder in the second degree, criminal possession of a weapon in the second degree and assault in the second degree. Following a jury trial, he was convicted on each count of the indictment and sentenced to concurrent indeterminate terms of imprisonment of 6 to 18 years for his conviction of attempted murder and 2 to 6 years each for his conviction of criminal possession of a weapon and assault. Defendant now appeals.

In accordance with County Court's *Ventimiglia* ruling, the People introduced evidence that Oranchak routinely permitted the sale of cocaine, which was supplied by two men known as "Gerald" and "Eddie", from his apartment. Further evidence was introduced that defendant was associated with those two persons. On the day of the shooting Oranchak ran out of cocaine, and because Gerald and Eddie could not supply him therewith, he arranged for two other persons, who normally sold their cocaine on a nearby street, to sell from his apartment. When Gerald and Eddie learned that Oranchak had allowed competitors to sell from his apartment, they went to Oranchak's apartment where Gerald told Oranchak "[t]hat he was going to have to pay for what he did".

Defendant claims that the admission of this out-of-court declaration constituted reversible error because it elicited proof of

uncharged crimes and implicated him in the threat made by Gerald to Oranchak. We disagree. As a starting point, the evidence of uncharged crimes, i.e., the sale of cocaine, attributed to Gerald and Eddie, known associates of defendant, properly was admitted to establish a motive for the shooting (*see, People v Brown*, 209 AD2d 233, 234, *lv denied* 85 NY2d 860). Additionally, it is clear that "a statement of future intent to perform an act * * * may be admitted as proof of the declarant's intention and, in appropriate circumstances, as inferential proof of *another's* actions" (*People v Slaughter*, 189 AD2d 157, 159, *lv denied* 81 NY2d 1080 [emphasis in original]). Here, as with the evidence of uncharged crimes, Gerald's out-of-court statement properly was admitted as inferential proof of defendant's motive (*cf., People v Cotto*, 222 AD2d 345, *lv denied* 88 NY2d 846).

Defendant next contends that County Court erred in denying his motion to suppress certain eyewitness identification testimony. Again, we disagree. As the result of information obtained by the Binghamton City Police Department, Detective Barry Angel put together a photographic array consisting of six photographs, one of which was defendant, and presented it to Keesler. At the time she observed the array, Keesler remarked, "I know most of these guys", and when asked if she recognized Oranchak's assailant, Keesler immediately pointed to defendant's photograph. Keesler also advised Angel that she had known defendant for six months prior to the shooting and knew him as "Reef".

Initially, we note that the array was not per se unduly suggestive simply because Keesler knew some of the fillers (*see, People v Gaddy*, 209 AD2d 430, 431, *lv denied* 84 NY2d 1031). Indeed, Keesler also knew defendant. Having observed the photo array, we agree with County Court that the People satisfied their initial burden of coming forward with evidence establishing the reasonableness of the police conduct and lack of suggestiveness. That being the case, the burden shifted to defendant to establish that the identification procedure was unduly suggestive, which he failed to do (*see, e.g., People v Stephens*, 143 AD2d 692, 695). We have considered defendant's remaining contentions and find them equally without merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.