■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KWADWO A. BOATENG, Appellant. [668 NYS2d 401] —Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered November 22, 1996, convicting defendant following a nonjury trial of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted for, *inter alia,* criminal sale of a controlled substance in the third degree based on his sale of cocaine to a confidential informant in November 1995. After defendant's motion to suppress, *inter alia,* the informant's identification testimony was denied, he waived his right to a jury trial and agreed to proceed upon stipulated facts regarding the criminal sale count of the indictment. After being found guilty of the crime of criminal sale of a controlled substance in the third degree, but prior to sentencing, defendant unsuccessfully moved to set aside the verdict on the basis that he had not knowingly waived his right to a jury trial or elected to proceed upon stipulated facts. Thereafter, he was sentenced to an indeterminate term of incarceration of 1 to 3 years and ordered to pay restitution. This appeal ensued.

Initially, we reject defendant's arguments that County Court's suppression rulings must be reversed. It is clear that the photographic array was not per se unduly suggestive merely because the informant knew some, or all, of the persons pictured therein (*see, People v Douglas,* 238 AD2d 733, 734, *lv denied* 90 NY2d 892). Furthermore, there is no reason to disturb County Court's determination that identification was not the result of any improper procedure nor was it suggestible (*see, e.g., People v Thompson,* 231 AD2d 804; *People v Hunter,* 227 AD2d 797). In any event, as County Court aptly noted, the People presented clear and convincing evidence (*see, People v Rahming,* 26 NY2d 411, 417) of an independent source for the informant's identification (*see, People v Weiner,* 226 AD2d 757, 758; *People v Sturgis,* 202 AD2d 808, 809, *lv denied* 84 NY2d 833). Finally, defendant's remaining arguments—that County

Court employed an impermissible procedure by proceeding on stipulated facts and defense counsel's assistance was ineffective because he permitted defendant to agree to a bench trial conducted on the basis of stipulated facts—are without merit (*see, People v Williams*, 161 AD2d 295; *People v Mills*, 103 AD2d 379). County Court adequately inquired of defendant whether he had voluntarily and knowingly entered into both the waiver of a trial by jury and the stipulation to the facts as recited by the People. Additionally, there was evidence that defendant acted in such manner in order to receive a recommended sentence from the People and in exchange for the People's failure to present any evidence relative to two of the three counts of the indictment.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.