■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LUSH, Appellant. [671 NYS2d 401] —Judgment unanimously affirmed. Memorandum: We held this case, reserved decision and remitted the matter to Ontario County Court to conduct a hearing on the issue whether the 14-month delay between defendant's arrest and indictment was unreasonable or resulted from a good faith determination to defer prosecution for investigation or for other sufficient reasons (*People v Lush,*

234 AD2d 991). At the hearing, a police officer involved in the investigation testified for the People. The court properly concluded that, although some prejudice may have resulted from the delay, the determination to defer prosecution was made in good faith and for sufficient reasons and did not deny defendant due process of law (*see, People v Singer*, 44 NY2d 241, 254).

We reject the contention of defendant that the court erred in denying his request for a missing witness charge with respect to the People's failure to call the confidential informant to testify. The People established that the informant was unavailable because he could not be located despite diligent efforts on the part of the Ontario County Sheriff's Department (*see, People v Skaar*, 225 AD2d 824, *lv denied* 88 NY2d 854).

Reversal is not required by the admission into evidence of an audiotape that the court reporter was not required to transcribe. The court did not err in determining that the audiotape was audible (*see, People v Lubow*, 29 NY2d 58, 68; *People v Watson*, 172 AD2d 882, 883).

The court's evidentiary rulings did not deprive defendant of a fair trial. The evidence excluded by the court " 'raise[d] a mere suspicion' " that another person committed the crime (*People v Zanfordino*, 157 AD2d 682, 683, *lv denied* 75 NY2d 971; *see, People v DiPalo*, 221 AD2d 463, *lv denied* 88 NY2d 846).

The court properly exercised its discretion in denying defendant's request for an adjournment to subpoena defendant's brother to testify. The court stated that it would not grant "an undue adjournment" but that defense counsel could immediately attempt to call the brother to bring him in. A recess was taken after which the defense called its final witness without requesting a further adjournment. The court also properly exercised its discretion in allowing the People to cross-examine defendant regarding his conviction of burglary in the third degree eight years earlier. That conviction involved dishonesty and was highly relevant to the credibility of defendant and his willingness to advance his self-interest at the expense of others (*see, People v Sandoval*, 34 NY2d 371, 377; *People v Moody*, 229 AD2d 936, *lv denied* 89 NY2d 926). That conviction was not too remote in time to be relevant (*see, People v Rodriguez*, 181 AD2d 841; *People v Alexander*, 176 AD2d 947, *lv denied* 79 NY2d 852).

The evidence is legally sufficient with respect to each element of the crimes of which defendant was convicted (*see, People v Bleakley*, 69 NY2d 490, 495). (Resubmission of Appeal

from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Balio, Boehm and Fallon, JJ.