■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY HAMILTON, Appellant. [677 NYS2d 401] —Graffeo, J. Ap-

peal from a judgment of the County Court of Albany County (Rosen, J.), rendered August 6, 1996, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree and resisting arrest.

In September 1995, Kevin Reedy, a City of Albany Police Officer, observed a transaction apparently involving drugs on the stoop of the premises located at 579 Clinton Avenue in the City of Albany. Reedy, who was on the second floor of a building across the street, communicated his observations via police radio to other officers in the vicinity. Specifically, Reedy indicated that a black male wearing a white sweatshirt and blue jeans had sold what appeared to be crack cocaine to an individual at 579 Clinton Avenue and was proceeding east on Clinton Avenue on a bicycle. Less than a minute after receiving the radio transmission, Police Officers William Dobbs and Bob Tierney approached an intersection, approximately one block east of where the transaction occurred, and observed an individual matching the description they had received riding a bicycle east on Clinton Avenue. The officers followed the suspect and parked the police car; Dobbs exited the automobile and began to walk toward the rear of the vehicle. The suspect appeared in front of Dobbs and struck him in the face, causing him to fall. Dobbs nevertheless caught defendant after a brief pursuit. Immediately thereafter, other officers arrived and assisted Dobbs in making the arrest. During the restraining of defendant, Dobbs observed what he believed to be three individual pieces of crack cocaine on the ground. While placing handcuffs on defendant, more of the substance was discovered in his hand. Defendant was placed under arrest and nine additional individually wrapped substances were found in defendant's pocket.

At the conclusion of the jury trial, defendant was convicted of criminal possession of a controlled substance in the fourth degree and resisting arrest. Defendant was acquitted of criminal sale of a controlled substance in the third degree. County Court sentenced defendant as a second felony offender to concurrent prison terms of 6½ to 13 years on the criminal possession of a controlled substance conviction and one year on the resisting arrest conviction.

Defendant appeals, primarily contending that County Court erred in failing to suppress the physical evidence. Defendant further argues that County Court should have granted defendant's request for a missing witness charge with respect to the individual who allegedly bought the drugs from defendant. Lastly, defendant avers that County Court should have

charged the jury with respect to the lesser included offense of criminal possession of a controlled substance in the seventh degree.

"[I]n their law enforcement capacity, police officers have fairly broad authority to approach individuals and ask questions relating to identity or destination, provided that the officers do not act on whim or caprice and have an articulable reason not necessarily related to criminality for making the approach" (*People v Hollman*, 79 NY2d 181, 190; *see, People v De Bour*, 40 NY2d 210, 219). The common-law right to inquire, the next level of police confrontation: "is activated by a founded suspicion that criminal activity is afoot and permits a somewhat greater intrusion in that a policeman is entitled to interfere with a citizen to the extent necessary to gain explanatory information, but short of a forcible seizure * * * Where a police officer entertains a reasonable suspicion that a particular person has committed, is committing or is about to commit a felony or misdemeanor, the CPL authorizes a forcible stop and detention of that person" (*People v De Bour, supra*, at 233 [citations omitted]).

Here, defendant fled and struck Dobbs after Tierney directed him to stop. Even assuming, arguendo, that the police officers' conduct constituted a forcible stop, their approach of defendant was lawful since they had a reasonable suspicion that defendant may have committed a crime. Dobbs and Tierney justifiably relied upon the radio transmission from Reedy who provided a reasonably detailed description of the suspect immediately after his witnessing the drug transaction (*see, People v Ramirez-Portoreal*, 88 NY2d 99, 113). In close time proximity, Dobbs and Tierney observed defendant traveling in the direction and manner described and wearing the apparel noted by Reedy. Under these circumstances we find that Dobbs and Tierney had a reasonable suspicion that defendant committed a crime, enabling them to stop and detain him.

Defendant also was properly arrested based on the assault of Dobbs. The fact that defendant was not indicted for assault does not abrogate the officers' right to arrest defendant on that charge (*cf., People v Miner*, 42 NY2d 937, 938). Therefore, there is no basis to overturn County Court's denial regarding the suppression of evidence.

County Court did not commit error in refusing defendant's request for a missing witness charge in relation to the alleged buyer in the drug sale. In order to justify a missing witness charge, the proponent of the charge must establish that the unproduced witness's testimony would be favorable to the op-

posing party and that the witness is under such party's control (*see, People v Kitching*, 78 NY2d 532, 536-537). In the case at bar, defendant failed to demonstrate how the testimony of an alleged buyer of drugs would be favorable to the People. Moreover, there is no evidence that this witness was under the People's control or that he cooperated with law enforcement officials (*see, People v Bessard*, 148 AD2d 49, 53-54, *lv denied* 74 NY2d 845).

Lastly, we find no reason to disturb County Court's refusal to charge the jury on the lesser included offense of criminal possession of a controlled substance in the seventh degree. Pursuant to CPL 300.50 (1), a court should submit a lesser and included offense to that charged in the indictment where a "reasonable view of the evidence" exists under which it could be found that a defendant committed the lesser offense and not the greater one (*see, People v Henderson*, 41 NY2d 233, 235; *People v Johnson*, 39 NY2d 364, 367). However, a lesser and included offense should not be submitted for the jury's consideration where the evidence essential to support a guilty verdict for the lesser crime necessarily proves the greater one (*see, People v Discala*, 45 NY2d 38, 41-42). Here, the People produced a forensic scientist who testified that he weighed and tested the contents of eight of the 13 items contained in the police evidence voucher, and found the weight of the cocaine in excess of one eighth of an ounce. Pursuant to Penal Law § 220.09, a person is guilty of criminal possession of a controlled substance in the fourth degree where the aggregate weight of the substance is one eighth of an ounce or more. Defendant proffered no credible evidence to rebut the People's expert witness with respect to the weight issue and, therefore, defendant offered no basis to justify the charge of a lesser included offense.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed.