■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REINALDO S. AYUSO, Appellant. [679 NYS2d 919] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), petit larceny (Penal Law § 155.25) and escape in the second degree (Penal Law § 205.10 [2]). County Court properly exercised its discretion in allowing the People to cross-examine defendant regarding his prior convictions of burglary in the third degree (*see, People v Sandoval,* 34 NY2d 371, 377). The similarity of the prior convictions does not preclude their use on cross-examination (*see, People v Pavao,* 59 NY2d 282, 292; *People v Ayala,* 236 AD2d 802, *lv denied* 90 NY2d 855). Those convictions "involved dishonesty and [were] highly relevant to the credibility of defendant and his willingness to advance his self-interest at the expense of others" (*People v Lush,* 249 AD2d 896, 897). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant failed to preserve for our review his contention that the conviction of escape in the second degree is not supported by legally sufficient evidence (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Kirk, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.