■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON WILLIAMSON, Appellant. [682 NYS2d 248] —Peters, J. Appeal from a judgment of the County Court of Albany County (Duggan, J.), rendered November 22, 1996, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On June 16, 1995, defendant was arrested on a warrant. During a search incident to his arrest, the arresting police officers found 38 plastic baggies filled with crack cocaine in defendant's pocket and mouth. Defendant was subsequently convicted of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree and was sentenced to concurrent prison terms of 6 to 18 years and 5 to 15 years, respectively. Defendant appeals his conviction contending that County Court's refusal to grant his request for a missing witness charge constitutes reversible error. We disagree.

Defendant testified at trial that he was not aware that he had drugs on him and that the drugs were found in a brown bag that his friend had given to him. Two police officers testified that when one of them patted down defendant, he found a plastic bag with 35 baggies in defendant's pocket and three more in defendant's mouth.

Defendant requested a missing witness charge for a man who was being held in the back of the police officer's car when they stopped and arrested defendant, contending that the witness would have provided relevant testimony regarding the stop. County Court denied defendant's request. We agree that defendant's proffer was insufficient to justify the missing witness charge (see, People v Gonzalez, 68 NY2d 424, 427). Defendant failed to meet his burden by establishing that the witness would have given favorable, noncumulative testimony or that the witness was under the People's control or cooperated with law enforcement officials (see, People v Hamilton, 252 AD2d 826; People v Townsley, 240 AD2d 955, 957, lv denied 90 NY2d 943; People v Miller, 235 AD2d 568, 570; People v Bessard, 148 AD2d 49, 54, lv denied 74 NY2d 845).

In any event, upon our review of the record, we do not believe

that had the missing witness charge been given there is a significant probability that a contrary verdict would have resulted (*see, People v Crimmins*, 38 NY2d 407, 411-412; *People v Wills*, 183 AD2d 938, *lv denied* 80 NY2d 935; *see also, People v Jacobs*, 148 AD2d 811, 814, *appeal dismissed* 74 NY2d 897).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.