■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND SANABRIA, Appellant. [698 NYS2d 622] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered January 17, 1996, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the second degree, grand larceny in the fourth degree and criminal impersonation in the first degree, and sentencing him, as a second felony offender, to consecutive terms of 10 to 20 years on the robbery conviction, 6 to 12 years on the possession of a weapon conviction and 2 to 4 years on the grand larceny conviction, to run concurrently with a term of 1½ to 3 years on the criminal impersonation conviction, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant matched the limited description provided by a named citizen informant and was the only person, other than employees, found inside the store where other individuals on the street had told the officer the perpetrator would be. Moreover, the employees failed to corroborate defendant's assertion that they knew him and the officer found a gun and walkie-talkie, items the citizen informant had described the perpetrator as possessing, near the place where defendant had been standing. Based on all these factors, the officer clearly had reasonable suspicion warranting defendant's forcible seizure (*see, People v Dickerson*, 238 AD2d 147, *lv denied* 90 NY2d 857; *People v Washington*, 182 AD2d 520, *lv denied* 80 NY2d 840). The subsequent showup, after defendant was returned to the crime scene, was properly conducted, and the circumstances that defendant was displayed to the witnesses in handcuffs, coming out of a police car, and that the officer asked the witnesses if defendant was the person who had been impersonating an officer, did not render the identifications unduly suggestive (*People v Duuvon*, 77 NY2d 541). Defendant's additional contention, that the identifications were tainted by the failure of the police to segregate the witnesses during the showup, is not supported by the record.

The evidence was legally sufficient to establish defendant's

guilt of robbery in the first degree since the jury could have rationally found from the circumstances surrounding the larceny that defendant's display of a weapon was with the conscious objective of compelling his victims to deliver up the property or to prevent or overcome resistance to the taking or retention of the property (see, People v Smith, 79 NY2d 309; People v Lomba, 183 AD2d 672, lv denied 80 NY2d 906). Although the crime began with a ruse in which defendant pretended to be a police officer, the jury could have reasonably concluded that when defendant thrust a gun into the back of one of the employees, this act was not merely part of the ruse but constituted the statutorily required threat of physical force.

Since all three robberies occurred within 10 days of each other, with two being committed on the same day, since all were committed against small stores, in daylight and in the same neighborhood, since the perpetrator always spoke to his victims in Spanish, identified himself as a police officer, told his victims that he was investigating a report of contraband in their stores and used an imitation police shield, a police-type radio and a .38 caliber revolver, the pattern of criminal conduct was sufficiently unique to constitute a distinctive modus operandi, properly permitting joinder and the prosecutor's comments on the similarities between the crimes during summation (see, CPL 200.20 [2] [b]; People v West, 160 AD2d 301, lv denied 76 NY2d 798).

The court properly exercised its discretion in denying defendant's request that it replace a juror whom defense counsel had identified as sleeping during his summation. Defendant's claim that the court should have questioned the juror has not been preserved for appellate review since he failed to request such inquiry (see, People v Bellamy, 228 AD2d 230, lv denied 88 NY2d 980), and we decline to review this claim in the interest of justice. Were we to review such claim, we would find that such questioning was unwarranted in this case since the court had the benefit of its own perception of the juror, including her prior statement that the lights in the courtroom hurt her eyes (see, People v Brown, 160 AD2d 172, lv denied 76 NY2d 785).

Defendant's motion to set aside the verdict pursuant to CPL 330.30 or to order a post-trial psychiatric examination of his capacity to stand trial pursuant to CPL article 730, which was made just prior to sentencing, was properly denied since the procedures of CPL article 730 do not apply to retrospective competency determinations (People v Pena, 251 AD2d 26, lv denied 92 NY2d 929), and since defendant's competency was

capable of retrospective determination by other means. The court rendered its determination that defendant was competent at trial after conducting a full hearing at which medical experts testified and both counsel and the court set forth their own observations. Accordingly, the record reveals that the issue of defendant's competency at trial was properly resolved.

We perceive no abuse of sentencing discretion. Concur— Nardelli, J. P., Tom, Mazzarelli, Wallach and Buckley, JJ.