(July 13, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WHITNEY A. CONWAY, Appellant. [711 NYS2d 210] —Graffeo, J. Appeal from a judgment of the County Court of Rensselaer County (Sheridan, J.), rendered August 25, 1998, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant's first challenge to his conviction, arising from his involvement in two narcotic sales to undercover State Police Investigators in the City of Troy, Rensselaer County, alleges that County Court erred in denying his motion to suppress in-court identification testimony which was the result of an unduly suggestive photo array. We disagree. The record of the *Wade* hearing reveals that a Troy Police Officer selected photographs from departmental records utilizing the physical description listed on the State Police Investigators' buy sheet. He then placed five photographs of black males with dread-

locks and varying degrees of facial hair on a table, with the name of one individual appearing at the bottom of the photograph covered with paper. The two State Police Investigators proceeded to separately and immediately choose defendant's photograph. Thus, the People met their initial burden regarding the reasonableness of their conduct and the lack of suggestiveness in the compilation of the photo array (*see, People v Parker*, 257 AD2d 693, 694, *lv denied* 93 NY2d 1024; *People v Douglas*, 238 AD2d 733, 734, *lv denied* 90 NY2d 892) and the burden shifted to defendant to establish that it was unduly suggestive (*see, People v Parker, supra*, at 694). Our review of the array reveals that the five black male individuals depicted have short dreadlock hairstyles and several have facial hair. Accordingly, we concur with County Court's holding that defendant failed to establish that the identification procedure was unduly suggestive (*see, People v Douglas, supra*, at 734).

Defendant next argues that he was improperly limited by County Court from eliciting testimony in support of his misidentification defense to the effect that another individual living in the vicinity of the drug sale fit the physical description on the buy sheet and could have been the perpetrator of the crime. While a defendant is free to present a general misidentification defense, specific evidence that the crime was committed by a particular other person may be presented only if defendant establishes a clear link, beyond mere speculation, between the crime and that other person (*see, People v Lush*, 249 AD2d 896; *People v Pack*, 189 AD2d 787, *lv denied* 81 NY2d 975; *People v Zanfordino*, 157 AD2d 682, *lv denied* 75 NY2d 971; *see generally, People v Walker*, 242 AD2d 752, 753, *lv denied* 91 NY2d 837).

In this case, after County Court permitted voir dire inquiry regarding the other individual, the People moved *in limine* to preclude defendant from introducing evidence during the trial that the other person may have been the perpetrator, asserting that such evidence was purely speculative and would confuse the jury. While County Court allowed defendant some leeway to question a prosecution witness concerning the other individual's involvement in drug activities, further inquiry was properly precluded when defendant failed to elicit evidence either placing that person in the vicinity of the crime on the day in question or otherwise connecting him to the drug activities at issue (*see, People v Lush, supra; People v Pack, supra; People v Zanfordino, supra*).

There was also no abuse of discretion by County Court in the issuance of its *Sandoval* ruling. Although the court allowed the

People to question defendant for impeachment purposes regarding his prior conviction for theft, it restricted the People in inquiring whether defendant had been convicted of possession of a controlled substance in the fifth degree, a felony, by excluding the nature of that crime and the facts underlying the conviction. Since these crimes were an indication of defendant's willingness to place his interest above that of society and were probative with respect to the issue of defendant's credibility, County Court's compromise shall not be disturbed (*see, People v McGlocton*, 267 AD2d 614, *lv denied* 94 NY2d 905; *People v Driscoll*, 251 AD2d 759, 762, *lvs denied* 92 NY2d 896, 949).

Lastly, defendant asserts that the sentence imposed was harsh and excessive. Defendant was sentenced as a second felony offender to terms of 4½ to 9 years for each count, to run concurrently.* As the sentence rendered was within the statutory parameters (*see, e.g., People v Diaz*, 264 AD2d 879, *lv denied* 94 NY2d 879) and the record discloses no extraordinary circumstances justifying a reduction, particularly given defendant's extensive criminal history which includes a prior felony drug conviction for which he was serving probation when the charges herein were committed (*see, People v Conway*, 263 AD2d 548, *lv denied* 94 NY2d 861), we conclude that the sentence was neither harsh nor excessive (*see, People v Wilson*, 210 AD2d 520, 523, *lv denied* 85 NY2d 982; *People v Powell*, 209 AD2d 879, 882, *lv denied* 84 NY2d 1037).

Defendant's remaining contentions have been considered and are found to be lacking in merit.

Crew III, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

---

* This sentence was initially to run consecutively to a term of 2⅓ to 7 years imposed for defendant's violation of probation. However, as a result of a resentencing on September 23, 1998, these sentences will be served concurrently.