(February 8, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAI KIRBY, Appellant. [721 NYS2d 130] —Lahtinen, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered January 25, 1999, upon a verdict convicting defendant of the crimes of assault in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (three counts).

Defendant was indicted by a Grand Jury on one count of assault in the second degree, one count of criminal possession of

a weapon in the second degree and three counts of criminal possession of a weapon in the third degree. The charges arose as a result of an incident which occurred in the City of Kingston, Ulster County, on November 23, 1997 when defendant was observed in possession of a firearm 18 to 24 inches long and was seen firing this weapon into a deli where one of the bullets struck Tyram Scott. Defendant was arrested in the vicinity of the deli within minutes of the shooting and the weapon was found by a police dog in nearby hedges where the arresting officers observed defendant walking immediately prior to his arrest.

Defendant was subsequently identified as the person in possession of the .30-caliber carbine weapon and who fired the weapon into the deli by witnesses in a photographic array and a later police lineup at which defendant's counsel was present. Defendant's counsel and the People entered into a "stipulation in lieu of motions" which resulted, inter alia, in a suppression hearing during which defendant challenged the propriety of the photographic array and lineup and sought to suppress items seized pursuant to a search warrant authorizing the search of the apartment of defendant's cousin subsequent to his arrest. County Court denied the suppression motion as to the photographic array, lineup and certain items of clothing seized under the warrant but suppressed a hat seized by the People. Defendant was convicted after a jury trial on all the counts charged in the indictment.

Prior to sentencing defendant moved to vacate his conviction (see, CPL 330.30 [1]) on the grounds that the jurors had access to materials outside the record during their deliberations and County Court failed to give a missing witness charge regarding defendant's uncle, Tyrone Kirby. County Court denied the motion and proceeded to sentence defendant as a second felony offender to a determinate prison term of 12 years on his conviction for criminal possession of a weapon in the second degree and concurrent lesser determinate and indeterminate prison terms on his convictions on the other counts of the indictment, running the concurrent sentences consecutive to any undischarged sentence defendant was serving for a prior conviction. Defendant now appeals.

Defendant argues several grounds for reversal of his conviction. He claims that no probable cause existed to arrest him; the photographic arrays and lineup used by the People were unduly suggestive; the jurors improperly considered evidence which was not a part of the record and his motion to set aside the verdict on that ground was improperly denied without a

hearing; County Court failed to give a missing witness charge; and the evidence was insufficient to prove that he possessed a weapon or that the shooting victim suffered a physical injury.

Defendant first argues that the Kingston police had no probable cause to effect his arrest. He claims that the only description of the shooter given to the police was that of a 5-foot, 6-inch or 5-foot, 7-inch black male wearing a black or dark jacket and dark cap, and that this description fit numerous black males in that area and provided no justification for stopping and arresting him. However, defendant failed to raise this issue before County Court and it is therefore not preserved for our review (*see, People v Martin,* 50 NY2d 1029). A reading of the "stipulation in lieu of motions" reveals that the People did not consent to a hearing on the issue of probable cause for defendant's arrest and defense counsel did not raise the issue at the outset of or during either the suppression hearing or the trial. The failure to raise this issue before County Court deprived the People of the opportunity to meet their burden of establishing probable cause to arrest defendant (*see, People v Chaney,* 253 AD2d 562, 564) by calling the arresting officers as witnesses at the suppression hearing (*see, People v Pettiway,* 176 AD2d 1069, 1070) and precludes our consideration of this constitutional claim (*see, People v Smith,* 266 AD2d 639, 641, *lv denied* 94 NY2d 907; *see also, People v Dancey,* 57 NY2d 1033).

Defendant next challenges the People's identification procedures, i.e., the photographic array and lineup, as unduly suggestive. Two eyewitnesses to the shooting at the deli identified defendant in a photographic array and at a lineup as the person possessing the carbine weapon and shooting into the deli. Defendant argues that the photographic arrays were suggestive because each eyewitness, who viewed different photographic arrays, indicated to the police that they knew some or most of the persons whose photos appeared in the array. While it is incumbent upon the People to establish the absence of suggestiveness in a photographic array (*see, People v Douglas,* 238 AD2d 733, 734, *lv denied* 90 NY2d 892), the fact that an eyewitness knew some or all of the persons in the photographic array is not per se unduly suggestive (*see, People v Boateng,* 246 AD2d 749, *lv denied* 91 NY2d 970; *People v Douglas, supra,* at 734). The record establishes that the procedures used by the People for each photographic array and lineup were reasonable and not unduly suggestive, employing photos and persons with physical characteristics and clothing similar to defendant's so as to not draw the viewer's attention to defendant (*see, People*

*v Parker*, 257 AD2d 693, 694, *lv denied* 93 NY2d 1024). We also note that County Court correctly determined that both eyewitnesses had sufficient opportunity to observe defendant at the scene to provide an independent identification.

Defendant next argues that during their deliberations the jury was improperly provided with a local telephone directory which was not received in evidence and that County Court erred in not setting forth on the record any corrective instructions to the jury regarding the telephone directory. Defendant also claims that County Court erred in failing to hold a hearing in response to his motion to set aside the verdict (*see*, CPL 330.30 [1]) on this issue. A review of his motion papers and oral argument, however, reveals that he never requested a hearing, thus failing to preserve the hearing issue for our review (*see*, CPL 470.05 [2]).

The Court of Appeals has stated that "the presence of the defendant and his counsel is constitutionally required whenever supplemental instructions are given, and failure to notify them is a fundamental error" (*People v Ciaccio*, 47 NY2d 431, 436-437; *see*, US Const 6th Amend; NY Const, art I, § 6). Here, in the absence of both counsel and defendant, County Court told the several members of the jury then present in the deliberation room that they could not use the telephone directory since it was not in evidence. However, the court's statement to the jury and its admonition to them was repeated in open court immediately thereafter on that same day with defendant, defendant's counsel and the entire jury panel present. We find that County Court's curative instruction in open court with defendant, his counsel and the District Attorney present provided the required constitutional safeguards, eliminated any possible prejudice and met the statutory requirements of CPL 310.30.

Defendant next claims that County Court erred in failing to give a missing witness charge regarding Kirby, defendant's uncle, who was on the People's list of trial witnesses and was expected to testify that defendant was the shooter but was never called by the People. The People also requested a missing witness charge for the defense's failure to call Kirby, their only argument—which we find to be unpersuasive—being that he was a relative of defendant's and thus under defendant's "control" (*see*, *People v Gonzalez*, 68 NY2d 424, 429). While this potential witness had previously provided favorable, noncumulative proof for the People (*see*, *People v Williamson*, 255 AD2d 841, *lv denied* 92 NY2d 1041), the witness's relationship with defendant provided a strategic reason for the People not calling him to testify. County Court's ruling that neither party

was entitled to a missing witness charge but that both would be permitted to comment on his absence in summation (*see, People v Tankleff*, 84 NY2d 992, 994-995) was appropriate under the circumstances presented.

We also reject defendant's argument that the proof was insufficient to establish his possession of the weapon which was recovered by the police in the vicinity of his arrest. A conviction for criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree requires proof of possession of a weapon (*see,* Penal Law §§ 265.03, 265.02 [1], [3]; § 10.00 [8]), either actual or constructive, the latter necessitating proof that defendant exercised dominion or control over the weapon or the area where it was found (*see, e.g., People v Manini*, 79 NY2d 561, 573). On this record we find present "[a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *accord, People v Williams*, 84 NY2d 925, 926; *People v Contes*, 60 NY2d 620, 621), including defendant's possession of the carbine rifle.

Defendant's commission of the crimes charged was established by three eyewitnesses. Two witnesses testified that they were able to observe defendant in the light cast by the streetlights and the deli storefront lighting and that he was in possession of a weapon which he proceeded to fire twice into the deli. The third witness saw defendant secrete the weapon on his person in the lighted stairwell of an apartment house near the deli and a short time later observed him with the police. The police, having been alerted to the shooting and provided with a description of the shooter matching defendant, properly stopped defendant (*see, e.g., People v Holmes*, 81 NY2d 1056) in the vicinity of the deli and within a few feet of the hedges where the carbine was recovered. Such circumstantial evidence has been held sufficient to sustain a conviction for possession of a weapon (*see, e.g., People v Arroyo*, 188 AD2d 655, 656, *lv denied* 81 NY2d 967; *People v Rivera*, 183 AD2d 674, *lv denied* 80 NY2d 933) and we see no reason to disturb the jury's finding in this instance.

We also find without merit defendant's claim that the People failed to prove that Scott sustained a physical injury and consequently failed to prove all the elements (*see,* Penal Law § 10.00 [9]) of the charge of assault in the second degree. Scott's testimony that the bullet struck his left knee causing him to

fall and that the bullet from defendant's weapon remained in his knee despite an operation, combined with the medical records and photographs in evidence depicting the wound, provided a sufficient basis for the jury's determination that Scott suffered substantial pain or impairment of his physical condition from defendant's gunshot (see, People v Fallen, 194 AD2d 928, lv denied 82 NY2d 753; People v Rivera, 183 AD2d 792, 793, lv denied 80 NY2d 933).

Finally, we note that defendant's conviction on the fourth count of the indictment must be reversed as the People concede that this count of the indictment charging criminal possession of a weapon in the third degree involving a loaded weapon (see, Penal Law § 265.02 [4]) was jurisdictionally defective as it failed to allege the inapplicability of the home or place of business exception in the statute (see, People v Bingham, 263 AD2d 611, lv denied 93 NY2d 1014).

Peters, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of criminal possession of a weapon in the third degree under the fourth count of the indictment; said count of the indictment is dismissed; and, as so modified, affirmed.