THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GONZALEZ, Appellant. [785 NYS2d 751]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 7, 2002, convicting him of attempted robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hall, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his statements should have been suppressed as the fruit of an unlawful seizure. The evidence at the suppression hearing established that at about 9:21 A.M. the police received the report of a robbery and interviewed the complainant, who provided a description of the perpetrator as a male Hispanic wearing a gray suit and carrying a green bag who turned north on Rodney Street in Brooklyn. At 9:28 A.M., the police spoke to a named citizen informant on Rodney Street who saw a male Hispanic wearing a gray suit and carrying a green bag go down steps toward a basement and come back up wearing a white T-shirt and black pants. She advised the police that the suspect fled north on Rodney Street toward South 4th Street.

Approximately one minute later, about a block and one half away, the police stopped the defendant who was walking northbound on Rodney Street wearing black pants and carrying a white T-shirt in his hand. He was "breathing heavy" and appeared "very nervous." The defendant was placed under arrest at approximately 9:50 A.M. based upon the complainant's showup identification of him at the scene of the stop.

The initial stop of the defendant was proper based upon reasonable suspicion that the defendant was the perpetrator of the robbery, derived from descriptions provided by named citizens and the defendant's own conduct (*see People v Hicks,* 68 NY2d 234, 241 [1986]; *People v Holland,* 4 AD3d 375, 376 [2004]; *People v Sanabria,* 266 AD2d 41 [1999]). Thereafter, the defendant was properly placed under arrest based upon the complainant's identification of him. Accordingly, the Supreme Court correctly denied that branch of the defendant's omnibus motion which was to suppress his statements made following his arrest. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.